Foster v. Dohle.

WILLIAM M. FOSTER ET AL., APPELLANTS, V. HENRY DOHLE ET AL., APPELLEES.

**Mechanics' Lien**: MATERIALS FURNISHED CONTRACTOR. Under the mechanics' lien law the lien of a material man for materials furnished for the erection of a building under an agreement with the *contractor* extends only to such materials as were used in or delivered at the building for use therein.

APPEAL from Douglas county. Heard below before WAKELEY, J.

*George B. Lake, John D. Howe,* and *Charles Ogden,* for appellants.

*George W. Doane,* for appellees.

MAXWELL, J.

The plaintiffs are lumber dealers in the city of Omaha, and bring this action against the defendants for certain material sold by them to one Winseit, a contractor, to be used in a building which he was erecting for the defendants. The jury made special findings, as follows: "That the quantity of lumber delivered by said plaintiffs for use in said building amounted to 25,714 feet, and was of the value of $786.45. 2. That the quantity of lumber furnished by the said plaintiffs on the order of said Winseit for use in said building, and actually used therein, including that which was wasted and destroyed in the process of so using, amounted to 17,220 feet, and was of the value of $546.45." The court below found that the plaintiffs were entitled to recover only for the actual amount of lumber furnished for and used in the building, including that which was wasted and destroyed, and rendered judgment in favor of the plaintiffs for the value of such lumber, deducting certain payments.

Section 1 of the mechanics' lien law is as follows, Comp. Stat., Ch. 54 : " Any person who shall perform any labor, or furnish any material or machinery or fixtures for the erection, reparation, or removal of any house, mill, manufactory, or building, or appurtenances, by virtue of a contract or agreement, expressed or implied, with the owner thereof or his agents, shall have a lien to secure the payment of the same upon such house, mill, manufactory, building, or appurtenance, and the lot of land upon which the same shall stand."

Section 2 provides that, "Any person or subcontractor who shall perform any labor for, or furnish any material, or machinery, or fixtures for any of the purposes mentioned in the first section of this act, to the contractor, or any subcontractor, who shall desire to secure a lien upon any of the structures mentioned in said section, may file a sworn statement of the amount due him· or them from such contractor or subcontractor for such labor or material, machinery, or fixtures, together with a description of the. land upon which the same were done or used, within sixty days from the performing of such labor or furnishing such material, machinery, or fixtures, with the county clerk of the county wherein said land is situated, and if the contractor does not pay such person or subcontractor for the same, such subcontractor or person shall have a lien for the amount due for such labor, or material, machinery, and fixtures, on such lot or lots and the improvements thereon, from the same time and in the same manner as such original contractor, and the risk of all payments made to the original contractor shall be upon the owner till the expiration of the sixty days hereinbefore specified," etc.   It will be seen that the statute provides that the owner of a building shall be liable:

1st.   Upon contracts made by himself or his agent, in which case, in all probability, he is liable, and a lien may be had upon the structure for the entire amount of material

purchased for the building in pursuance of the contract, whether used in it or not. *Beckel v. Petticrew*, 6 O. S., 247. But that question is not before the court.

2d. Persons who perform labor, furnish material, machinery, etc., for a contractor or subcontractor. In such case the risk of all payments made to the contractor until the expiration of sixty days is upon the owner. This liability of the owner of a building which is being erected or repaired is not placed on the ground of a contract made with the owner by the person performing the labor or furnishing the material; because usually there is no such contract between them, and when there is, the right of the party to a lien is unquestioned; but upon the ground that as the labor or material contributed to the erection or reparation of the building of which the owner receives the benefit, the law imposes upon him the responsibility, for sixty days at least, of seeing that the claims are paid. One of the objects of the legislature, no doubt, was to prevent collusion between the owner and contractor, and thus protect those who have furnished material or performed labor on the building from being defrauded. And so far as it may be necessary to carry this purpose into effect the law should be liberally construed  But it will not be seriously contended that the mere fact that the owner enters into a contract with the builder to erect or repair a building authorizes the builder to go to every lumber yard in the city and every hardware store and purchase from each a sufficient quantity of material for the erection or repair of the building in question, and make the owner of the building liable therefor. If all this material was delivered by the material men at the building, and they acted in entire good faith, it is possible the owner might be liable, because the delivery of the material would be notice to him of the unusual quantity which was being furnished for which he might be liable. But that question is not before the court. The contractor, however, unless expressly constituted such,

is not the agent of the builder, and cannot bind him by contracts for materials not put into the building or delivered at the same for use therein. As there is nothing to show that any of the material not allowed by the court below was delivered at or used in the building the owner thereof is not liable for the same. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

REESE, J., concurs.

