{No. 12390.  In Bank. — March 3, 1890.}

WILLIAM BEWICK ET AL., RESPONDENTS, v. WILLIAM MUIR ET AL., APPELLANTS.

FORECLOSURE OF MECHANICS' LIENS — NON-PAYMENT — FINDINGS. — The findings in this case upon the issue of non-payment held insufficient upon the authority of *Bewick* v. *Muir*, *ante*, p. 368.

ID. — FORECLOSURE OF PRIOR MORTGAGE PENDENTE LITE — SUPPLEMENTAL PLEADING. — A mortgagee made defendant to a suit to foreclose mechanics' liens, who alleges priority of lien, and pleads that he has commenced an action to foreclose the mortgage, making the plaintiffs parties defendant, may, if he obtains a decree of foreclosure of his mortgage *pendente lite*, set up such decree by way of supplemental answer upon a retrial of the mechanic's lien suit, and the question as to its effect may be then tried and determined.

APPEAL from a judgment of the Superior Court of Placer County.

The facts are stated in the opinion of the court.

*Naphtaly, Friedenrich & Ackerman*, and *Jo Hamilton*, for Appellants.

*C. A. & F. P. Tuttle*, for Respondents.

SHARPSTEIN, J. — The general features of this case are the same as in No. 12437, *ante*, p. 368, which has just been decided.   One of the defendants (Susman), who was alleged in the complaint to have some interest in or claim

upon the property which was subject to the interest of the plaintiffs, filed an answer, in which he averred that he had a mortgage which had priority over the plaintiffs' claims, and that he had commenced a suit to foreclose said mortgage, joining all the plaintiffs herein as defendants therein, and that said suit was then pending; and he annexed a copy of his complaint in such suit, and prayed for judgment as in said complaint. He also denied that the sums claimed by the plaintiffs were unpaid.

As has been stated in the companion case, the findings are insufficient upon the issue of payment, which issue arises upon the answer of this appellant. Upon a retrial, the decree in the foreclosure suit (if one has been obtained, as seems to be conceded) can be set up by supplemental answer, and the question as to its effect tried and determined.

The judgment is therefore reversed, and the cause remanded for a new trial.

McFARLAND, J., PATERSON, J., THORNTON, J., and BEATTY, C. J., concurred.