[No. 689. Decided March 23, 1893.]

HUTTIG BROS. MANUFACTURING CO. AND BRIDGE & BEACH MANUFACTURING CO. *et al.*, *Appellants*, v. THE DENNY HOTEL COMPANY, CORNELL UNIVERSITY *et al.*, *Respondents.*

MECHANICS' LIENS — FOR WHAT MATERIALS — CLAIM OF FOREIGN CORPORATION — NOTICE — VERIFICATION — PRIORITY OF LIENS — ATTORNEYS' FEES — ESTOPPEL.

Where materials have been specially designed for a certain building and furnished the contractor therefor, a lien may be claimed for the whole amount furnished, although only a portion has been used in the construction in consequence of the contractor having suspended work on the building.

The filing of articles of incorporation by a foreign corporation and the appointment of an agent after the filing of a lien notice,

but before suit to foreclose same, is a sufficient compliance with the law relating to foreign corporations doing business within the state.

Where a notice of lien is prematurely filed for the reason that the last portion of the materials furnished had not arrived, although on the way, the claimant has a right to file a second notice after the delivery of the materials.

Under § 1667. Gen. Stat., it is unnecessary that the attorney verifying a mechanic's lien notice for a foreign corporation should be specially authorized by appointment and the appointment filed in the office of the secretary of state.

Where there is a partial cessation of work upon a building because of differences between the owner and contractor, but the abandonment of the contract is not complete and permanent until after the furnishing of certain materials, lien may be claimed therefor.

An attorney's fee of $2,000 for enforcing a lien of $21,000 is excessive and should be reduced to the sum of $1,000, or lower.

Under the provisions of our statutes, a material man can claim a lien only from the time he commenced to furnish materials for the building, and if such time is subsequent to the creation of a mortgage lien, of which he had notice, his claim for materials is subject thereto.

A mechanic's lien will not date, for the purpose of priority over mortgage and other liens, from the time the claimant commenced the preparation of the materials in another state, which, by the contract, were to be delivered at a certain building in course of construction in this state.

The fact that a mortgagee loaning money for the erection of a building on certain land reserves the right in the mortgage to pay liens that may be created against the property from the amount of the mortgage loan, does not make the mortgagee a party to such liens or estop him from disputing the claims of lienors.

*Appeal from Superior Court, King County.*

*Wiley, Scott & Bostwick, W. W. Wilshire* and *G. E. De Steiguer*, for appellant Huttig Bros. Manufacturing Co.; *Hawley & Prouty* and *Emmons & Emmons*, for appellant Bridge & Beach Manufacturing Co.; *Burke, Shepard & Woods*, for appellant Denny Hotel Co.

*Fremont Cole*, for respondent Cornell University.

The opinion of the court was delivered by

SCOTT, J.— Several actions were brought in the superior court of King county to foreclose liens against a hotel building and the ground upon which the same is situated, for materials furnished therefor; the Denny Hotel Company being the owner and Fabian S. Potvin the contractor for the erection of said building. The causes were consolidated and tried together by virtue of an order of the superior court, and three appeals have been taken from the decree therein rendered. The Denny Hotel Company appeals from the decree establishing the lien of Huttig Brothers Manufacturing Company; and the Huttig Brothers Manufacturing Company and the Bridge & Beach Manufacturing Company appeal from the provisions of said decree establishing the mortgage lien of the Cornell University as prior to their said liens. The appeal of the Denny Hotel Company as against Huttig Brothers Manufacturing Company will be first discussed.

Said plaintiffs claimed a lien for materials furnished for said hotel to said Potvin as contractor, amounting to $21,-000, and it appears that of this amount only $2,300 was used in the construction of the building, said building never having been completed, and said contractor having abandoned work thereon. It is contended by the appellant, the Denny Hotel Company, that there can be no lien for materials furnished which were not used in the construction of the building; and it is further contended that the right to a lien for the materials that were used was lost in consequence of the respondent having intermingled said claim with the claim for materials not used. It is conceded that said materials were all furnished under a contract between said respondent and said contractor, and that the same were specially designed and made for said building, and are necessary to the completion of the building; that they have

been delivered and are now upon the premises at the building. It further appears that the only reason why the same have not been used is in consequence of the contractor having suspended work. Under such circumstances we think the right to a lien for all of said materials exists.

A further point is made by the appellant to the effect that there can be no lien for the reason that the contract between the hotel company and Potvin released the hotel company from liability for liens; and that the sub-contractors were bound to take notice of this provision in the original contract. Whether or not such claim be well founded as a matter of law, we find no such provision in the contract in question. On the contrary, it contemplates that there may be liens upon said building, and provides, in case of an indebtedness created by said contractor at any time exceeding $20,000 for labor on, or materials used in or about, said building, which would be or might become a lien thereon, that the hotel company at its option may apply any balance due or to become due said contractor to the payment of said indebtedness.

The further point is made that said respondent, being a foreign corporation, has no right to a lien because of not having complied with the laws of this state relating to foreign corporations doing business within the state. It appears that copies of the articles of incorporation were filed and the appointment of an agent made before the suit was commenced, but after the filing of the lien notice. We think this was a sufficient compliance with the law in this respect.

It is contended that the materials had not all been furnished when the claim of lien was filed, and that a party can have no lien for materials which have not been furnished at or prior to the filing of the lien notice. It appears that two lien notices were filed, one on March 7, 1891, which was ruled out by the court at the trial on the ground that

it was prematurely filed; but a subsequent notice filed May 13, 1891, after the delivery of all the materials, was admitted. The last portion of the materials had been shipped and were on their way here when the first notice was filed, but had not yet arrived. If in consequence of this the first notice was prematurely filed, it would not deprive the respondent of the right to file another notice after all the materials had been delivered.

It is contended that an attorney for a foreign corporation cannot verify a mechanic's lien notice for such corporation unless he is specially authorized by appointment, which must be filed in the secretary of state's office. Sec. 1667, Gen. Stat., provides, that such a claim may be verified by the claimant or some other person. We see no reason why a claim could not be verified by an attorney of the corporation, as was done in this instance.

It is contended that there can be no lien in this case because the materials were not furnished from the commencement on the credit of the building and premises, but were furnished solely on the credit of the contractor. This claim is not well founded. After an examination of the proofs we do not find anything to indicate an intention upon the part of the respondent to waive the right to a lien, or to furnish said materials solely upon the credit of the contractor, or that the same were so furnished. We think the contrary fairly appears.

It is contended that a portion of these materials were furnished after the contractor had abandoned said contract, and that there can be no lien for such materials for that reason. It does not appear that the contractor permanently severed his relations as contractor with the hotel company until about March, 1891. Some work was done along at various times up till about that time, and the contractor had charge of the building. The most that can be claimed is that there was a partial cessation of the work at

that time on account of differences between the hotel company and said contractor, but said suspension was not complete, and it was not known that it would be permanent until about March, 1891; and it appears that the materials in question were all shipped before said time, and in pursuance of a contract made by the respondent with said contractor prior thereto and when he was prosecuting the work, and this point is untenable.

The court allowed an attorney's fee of $2,000, and the appellant alleges that this is excessive. There was proof to show that such services were worth from $1,500 to $2,500, none of the witnesses placing the value thereof below $1,500. However, we are satisfied that the sum allowed was much too large. It is not the policy of the law to allow large or exorbitant attorneys' fees.

As to the appeal of the Huttig Brothers Manufacturing Company against the Cornell University, it appears that the contract between the hotel company and Potvin was entered into July 22, 1889, and the construction of the building was commenced thereunder in August following. The Huttig Brothers Manufacturing Company, a foreign corporation, contracted with Potvin to furnish certain materials for said building, and commenced the preparation of said materials at its place of business in the State of Iowa, in January, 1890, and commenced to deliver the same in September, 1890. On the 28th day of December, 1889, the Denny Hotel Company executed and delivered to the Cornell University, a corporation, its three promissory notes, two for twenty-five thousand dollars each, and one for fifty thousand dollars, and secured the same by mortgage of the lands upon which the hotel in question was being constructed.

Prior to the time Huttig Brothers Manufacturing Company commenced to furnish materials for said building they had actual notice of the execution and delivery of

this mortgage, and they commenced to furnish materials thereafter.    Fifty thousand dollars of the money secured by this mortgage was paid January 4th, and the remainder March 1, 1890; the whole of it was paid before appellant furnished any materials for the building.   The lower court rendered a decree establishing the lien of appellant, but found and decreed that the same was subsequent and subject to the lien of said mortgage, and an appeal was taken therefrom.

The hotel building in question was in process of construction at the time of the execution of this mortgage, and the money was borrowed with the understanding that it was to be used in putting up the building, and it is contended by appellant that its claim for materials furnished should be held prior to the mortgage lien, for these reasons.

Sec. 1666, Gen. Stat., provides that the liens authorized in that chapter are preferred to any lien, mortgage or other incumbrance which may have attached subsequently to the time when the building, improvement or structure was commenced, work done, or materials were commenced to be furnished, etc.    It is contended in this case that, as the principal contractor had entered into the contract for the construction of the hotel and had commenced work thereunder prior to the execution of the mortgage, he would have had a lien paramount to the mortgage lien, which might have included appellant's claim, and that, consequently, appellant's lien should relate back to the time of the making of the original contract.

Sec. 1663 provides that every person performing labor upon or furnishing materials to be used in the construction of any building, etc., has a lien upon the same for the work or labor done, or materials furnished by each, respectively, etc., and this seems to contemplate that each lien shall stand upon its own footing.    Consequently, appellant is not in a position to claim the right to be subro-

gated to the rights of the contractor in this particular, even if he could have enforced a lien including a claim for the materials furnished by appellant, as paramount to the mortgage lien, without having paid said claim or making such material man a party to the suit, if the time within which he could claim a lien for materials had not expired, which we do not decide. See *Crowell v. Gilmore*, 18 Cal. 370.

It may be well to say, however, that for aught that appears the contractor has no lien. It does not appear that he is attempting to enforce any, and it does appear that the building has not been completed and that work thereon has been suspended. In any event, the contractor could only foreclose for the balance due him upon the contract price, while, if appellant's claim is to be maintained, and the rights of sub-contractors and material men are to relate back to the time of the execution of the original contract and the commencement of work thereunder, liens might be enforced against the premises and made prior to the mortgage claim for a much greater amount than the original contract price. Under the provisions of our statutes a material man can only claim a lien from the time he commenced to furnish materials for the building, and if such time is subsequent to the creation of the mortgage lien, of which he has had notice, his claim for materials is subject thereto.

A great many cases have been cited by the appellant, and also by the respondent, from different states, construing the lien laws there in force, many of which are utterly worthless in undertaking to arrive at a correct interpretation or construction of our own laws upon that subject, as the statutory provisions involved are so essentially different. Some of them, however, contain provisions very much like our own, and under the weight of authority we think that appellant's claim in this particular cannot be maintained.

9—6 WASH.

Appellant contends that it commenced to furnish materials from the time that it began to prepare the same for shipment in the State of Iowa, and in consequence of its having commenced the preparation thereof before the execution of the mortgage its lien is superior to the mortgage lien.   But the lien can hardly date from the time appellant commenced the preparation of the materials in another state.   It was to furnish the materials delivered at the building in the city of Seattle, and its claim cannot be held to have attached before the delivery thereof.  *Williams v. Chapman*, 17 Ill. 423.

It is also urged by the appellant that, by reason of the testimony given to the effect that the Denny Hotel Company borrowed this money for the purpose of building the hotel, and that the Cornell University had notice of that fact, and sought to protect itself in the mortgage against any liens that might be created against the property by reserving the right to pay the same from the amount of the mortgage loan, it is estopped from disputing the claims of the lienors.   The authorities are against this proposition, however.   The respondent had a right to consider and contemplate the making of improvements upon the property as a basis for making the loan in question.   And by seeking to protect itself in the mortgage against liens which might be enforced against the property, it cannot be held to have become a party thereto, or to have assumed any liability as to such liens.   The provisions were inserted merely for its own protection.  *Platt v. Griffith*, 27 N. J. Eq. 207; *Moroney's Appeal*, 24 Pa. St. 372; *Monroe v. West*, 12 Iowa, 119; 1 Jones on Mort., § 370.

The only questions raised in the appeal of the Bridge and Beach Manufacturing Company are disposed of in the discussion of the appeal of Huttig Brothers Manufacturing Company, and it is unnecessary to review them.

The decree of the lower court will be affirmed, except as

to the attorney's fee allowed Huttig Brothers Manufacturing Company, which will be reduced to $1,000. In placing it at this amount we have been governed by the attorney's fee of $1,000 allowed the Bridge and Beach Manufacturing Company in foreclosing its lien for a much less sum, from which there was no appeal. As all parties interested seem to have acquiesced in this allowance, we have followed it. If it had been appealed from, we would have reduced both sums much lower.

In consequence of the modification of the decree, the Denny Hotel Company will recover its costs in this appeal against the Huttig Brothers Manufacturing Company. The Cornell University will recover its costs in the appeals of the Huttig Brothers Manufacturing Company and the Bridge and Beach Manufacturing Company.

STILES and ANDERS, JJ., concur.

HOYT, J., not sitting at hearing, being disqualified.