A. H. WEIR & COMPANY, APPELLANTS, v. W. B. BARNES ET AL., APPELLEES.

FILED JANUARY 16, 1894.    No. 4920.

1. **Mechanics' Liens:** MATERIALS FURNISHED. The lien of a material-man for materials furnished for the erection of a building by virtue of an agreement with the contractor extends to such materials only as are used in, or delivered at, the building for use therein.

2. **Evidence** examined, and *held* not sufficient to entitle the plaintiff, a material-man, to a lien for materials furnished by virtue of an agreement with the contractor.

APPEAL from the district court of Lancaster county. Heard below before HALL, J.

*Marquett, Deweese & Hall* and *A. G. Greenlee*, for appellants, cited: *Stewart-Chute Lumber Co. v. Missouri P. R. Co.*, 28 Neb., 44; *White v. Miller*, 18 Pa. St., 52.

*N. Rummons, contra.*

POST, J.

This is an action to enforce a mechanic's lien against certain property in the city of Lincoln and comes into this court by appeal from the decree of the district court of Lancaster county in favor of the answering defendant, McNeill, the owner of the property described in the petition, upon which in the summer of 1890 was erected a dwelling house, his co-defendant Barnes being the contractor. Plaintiffs, it is admitted, furnished material to Barnes which was used in the erection of said building. The lien is resisted, however, on the ground that it was not filed within the statutory time after the furnishing of said material. It is not necessary to set out the pleadings, which are in the usual form, or to make an extended reference to the issues, since the controversy in this court is confined to a single charge in the itemized account filed with the petition, viz., 100 feet of No. 4234 moulding, under date of June 17, 1890. The last item charged previous to the date above named was under date of June 2, and the account was filed with the county clerk on the 14th day of August following. It is apparent, therefore, that unless the 100 feet of moulding is chargeable to defendant under the provisions of the mechanics' lien law, plaintiffs cannot recover, for the reason that they were required to file a sworn statement of the amount due them from the contractor within sixty days from the furnishing of the material. (Sec. 2, ch. 54, Comp. Stats.) As said by the late

chief justice in *Foster v. Dohle*, 17 Neb., 633: "The contractor, however, unless expressly constituted such, is not the agent of the builder, and cannot bind him by contracts for materials not put into the building or delivered at the same for use therein."

The evidence upon the question at issue is as follows: Plaintiffs were in the habit of delivering material at the place it was required for use, and most of the lumber charged in their account was so delivered. On the day in question Burton Barnes, son of the contractor, with his father's team, procured from plaintiffs at their lumber yard 100 feet of moulding. At the time said moulding was delivered a ticket was made out and signed as follows:

"LINCOLN, NEB., June 17, 1890.
"A. H. Weir & Co.
"For McNeill, job No. 2, 100 ft. Ml'd. 4324. Del. at yd.
"Received above items.    BURTON BARNES."

There is no evidence that the party above named was acting for W. B. Barnes, the contractor, or that he claimed such authority, or that he even represented that the moulding was for use in this particular building. A dealer who delivers material in good faith on the premises where a building is in process of erection, or reparation, is entitled to his lien, although it may have been wasted or destroyed. In other words, after delivery it is at the risk of the owner. But one who entrusts material to a third party, thereby assumes the risk of its delivery upon the premises sought to be charged. (*Foster v. Dohle, supra; Irish v. Pheby*, 28 Neb., 231.) In this case there is no evidence whatever of a delivery of the moulding in controversy. Had moulding of the character and quality charged been used in the finishing of defendant's house, that fact was susceptible of proof and would, at least, have been a circumstance tending to sustain the plaintiffs' claim; but no such proof was offered. It is true that defendant testifies on cross-examination that there is moulding in his house, but plaintiffs' counsel did

not pursue the subject to the extent of inquiring the kind or quality thereof, or when it was placed therein. It also appears that defendant was engaged in the erection of more than one building, for the charges in plaintiffs' books, introduced in evidence, are all against Barnes on account of "McNeill job No. 2." Assuming that we are warranted, from the circumstances of the case, in presuming that the moulding was ordered for the contractor, there is still no proof that it was used in or delivered upon "job No. 2." Experience has demonstrated the wisdom of the mechanics' lien law. It is likewise settled by abundant authority that it should be liberally construed in favor of the mechanic or material-man, by means of whose labor or capital the property has been enhanced in value. But by no liberal or reasonable construction can the owner of property be charged in a case like this. The filing of the lien within the statutory time is just as essential as the furnishing of the material. Having failed to take the steps necessary to charge the property of the defendant for the material furnished to the contractor, plaintiffs must look to the latter for their satisfaction. The judgment of the district court is

AFFIRMED.