## BERENTZ v. KERN KING OIL AND DEVELOPMENT COMPANY et al.*

Court of Appeal, Second District; June 17, 1905.

84 Pac. 45.

**Process—Service by Constable.**—Where a Return of Service of summons by a constable was not verified as required by Code of Civil Procedure, section 410, it was ineffective.

**Mining Claims—Oil Wells—Liens for Labor.**—Code of Civil Procedure, section 1183, as amended by Statutes of 1899, page 34, chapter 35, provides for a lien on the whole of a mining claim for labor performed or for materials furnished to be used in the construction of any building, wharf, bridge, ditch, flume, aqueduct, well, tunnel, etc., and for labor performed in any mining claim or claims and the works owned and used by the owners for reducing ores, etc.; and section 1185 declares that the land on which any building, improvement, well or structure is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof, to be determined by the court on rendering judgment, is also subject to the lien, etc. Held, that the mining claims referred to were mines of ore, exclusive of oil wells, and hence a claimant of a lien for the drilling of an oil well, etc., was not entitled to foreclose the lien, except as against such land as was necessary for the convenient use and occupation of the well.[1]

---

*For subsequent opinion in supreme court, see 148 Cal. 577, 84 Pac. 47.

[1] Cited in Berentz v. Belmont Oil Co., 148 Cal. 579, 113 Am. St, Rep. 308, 84 Pac. 47, as part of the history of the case,

APPEAL from Superior Court, Kern County; J. W. Mahon, Judge.

Suit by J. H. Berentz against the Kern King Oil and Development Company and others. From a judgment for plaintiff, defendants appeal. Reversed.

William P. Veuve and A. B. Bigler for appellants; E. B. Coil for respondent.

SMITH, J.—This suit was brought to foreclose several liens for work and labor performed in the construction of an oil well on a tract of eighty acres of land described in the complaint. The Belmont Oil Company was and is the owner of the land, of which the other defendant holds a lease, and the latter defendant is also the owner of the drilling apparatus, derrick, etc., now on the land, and used, it is alleged, "in the development and working of the said land and mining claim." The Belmont Oil Company suffered default. The other defendant filed demurrer and answer, but did not appear at the trial. The judgment is against the Kern King Oil and Development Company and contractors for the sums therein named, and it is further adjudged "that plaintiff is entitled to enforce the liens upon the mining claims and the improvements described in the complaint herein for the said sum found due him, and that said liens are superior and paramount to the interest and claim of all the defendants herein." The appeal was taken within sixty days of the entry of judgment.

The judgment against the Belmont Oil Company must be reversed, for the several reasons that there is no allegation in the complaint that it had any knowledge of the work done on the land, that the judgment goes beyond the prayer of the complaint, and that there was no competent proof of the service of summons.

With regard to the latter point, there is a return of one Bristol, a constable, that he had served the Belmont Oil Company in the county of San Bernardino, but this was not verified: Code Civ. Proc., sec. 410. It is, indeed, intimated in respondent's brief that the return of service was amended, but we are not cited to what part of the transcript this amendment is to be found, nor does it appear in the index, nor have we been able to find it,

The judgment against the other defendant must also, we think, be reversed. The judgment is for a lien upon the whole of the land described in the complaint; but there is no allegation in the complaint that the whole of the land was necessary for the convenient use and occupation of the well, nor was any evidence introduced with reference thereto, nor is there any finding upon the subject. It is also to be observed that the action of the court in this particular seems to have resulted from the statement of the plaintiff's attorney that it was not denied in the answer that the whole of said land was required for the convenient use and occupation of the well, by which, as the fact was not alleged in the complaint, the court was doubtless misled.

It is now urged by the respondent's attorney that, under the provisions of section 1183 of the code, the lien in this case extends to the whole of the mining claim, whether necessary for the convenient use and occupation of the well or otherwise; citing Williams v. Mountaineer Gold Min. Co., 102 Cal. 134, 34 Pac. 702, 36 Pac. 388. But that case, we think, has no application, or, rather, none that can be regarded as favorable to the respondent's case. There the property involved was a "mining claim" in the ordinary sense of the word; that is to say, a "portion of the public mineral lands which the miner, for mining purposes, takes up and holds in accordance with mining law": Morse v. De Ardo, 107 Cal. 622, 40 Pac. 1018, and cases cited. And it was held that under section 1183 the lien extended to the whole of the mining claim. But from the decisions it appears to have been the opinion of the court that the section in question provides for two separate classes or categories of liens, namely, for labor performed or for materials furnished to be used in the construction, etc., "of any building, wharf, bridge, ditch, flume, aqueduct, tunnel, fence, machinery, railroad wagon road, or other structure," and for labor performed "in any mining claim or claims and the works owned and used by the owners for reducing the ores," etc., which is very clearly the case; and from this it is to be inferred that the cases provided for in the two clauses are exclusive of each other. The question, then, is, to which of these categories is the case to be assigned, and upon this point we are of the opinion that it falls under the former category; that is to say, that it is a structure similar in character to the other structures speci-

fied, and that the lien will extend only to "a convenient space about the same, or so much as may be required for the convenient use and occupation thereof, to be determined by the court": Code Civ. Proc., sec. 1185. This is rendered clear by the language of the latter section, which refers to "any building, improvement, well, or structure," and also from the language of section 1183, as amended in 1899 (Stats., p. 34, c. 35), in which the word "well" is inserted between the words "aqueduct" and "tunnel," appearing in the first clause of the former act. In a later amendment, the second category is made to include, also, not only "any mining claim or claims," but also "any real property worked as a mine." But this has no application to the present case. It also seems apparent from the language of the second clause of the section, in all the forms it has assumed since the amendment of 1880, that the mining claims referred to, and also the mines included by the last amendment, refer to mines of ore, exclusively, and that it was never intended to have any reference to the sinking of oil or other wells. It need not be determined in the present case whether the term "mining-claim" can be construed as in any case applying to land owned in fee simple: Williams v. Santa Clara Min. Assn., 66 Cal. 193, 5 Pac. 85; Bewick v. Muir, 83 Cal. 373, 23 Pac. 390; Morse v. De Ardo, 107 Cal. 622, 40 Pac. 1018.

Judgment appealed from is reversed.

We concur: Gray, P. J.; Allen, J.