[No. 6314. Decided November 14, 1906.]

## W. P. FULLER & COMPANY, *Appellant,* v. JOHN E. RYAN *et al., Respondents.*[1]

MECHANICS' LIENS — BUILDING MATERIALS — FORECLOSURE — STATUTES—CONSTRUCTION. Under Bal. Code, § 5900, giving a lien for "furnishing materials to be used in the construction" of any building, no lien can be established unless it is made to appear that the materials were actually used or delivered on the premises for use in the construction of the building.

Appeal from a judgment of the superior court for King county, Frater, J., entered December 11, 1905, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to foreclose a mechanics' lien. Affirmed.

*Gray & Stern,* for appellant.

*H. R. Clise, John B. Hart, E. P. Whiting,* and *John E. Ryan,* for respondents.

ROOT, J.—This was an action commenced by appellant, a wholesale paint firm of Seattle, to foreclose a lien for painting materials furnished for use on a building erected by respondents Ryan and wife. Findings of fact and conclusions of law were entered favorable to defendants. From a judgment and decree thereupon, this appeal is prosecuted.

[1]Reported in 87 Pac. 485.

Exceptions are taken to several findings of fact, and the making thereof is assigned as error. We think the findings complained of are sustained by the evidence; at least, all those that are material to a decision of the case, in the light of the conclusion which we have come to upon the paramount legal proposition involved. It was urged by appellant that the principal error of the trial court was its holding to the effect that a materialman's lien could not be established where it did not appear that the materials were actually used in constructing the building, or delivered on the premises for such use. Appellant, through its counsel, expressed itself as willing to base its rights to a reversal of the decree on this proposition. We think the holding of the trial court upon this question must be upheld. Pierce's Code, § 6102 (Bal. Code, § 5900), provides that:

"Every person performing labor upon, or furnishing materials to be used in the construction . . . of any building . . . has a lien upon the same for the labor performed or materials furnished . . . ."

Under a similar statute the supreme court of Illinois, in the case of *Hunter v. Blanchard*, 18 Ill. 318, 68 Am. Dec. 547, held that not only was a contract for the materials essential, but that they must be actually used in the building, in order to afford a basis for a lien. The statute involved in that case was as follows:

"Any person who shall by contract with the owner of any piece of land or town lot, furnish labor or materials for erecting any building or the appurtenance of any building on any land or town lot, shall have a lien," etc.

If the materials were not used in the building, nor taken to the premises, we do not think it could be said that they were purchased to be used in such building, within the meaning of the statute. The reason for allowing a lien to secure the purchase price of building material would seem to be absent where such material was neither used in the building

nor taken to the premises for that purpose; and it would be difficult to see why the vendor of such material would have any better right to a lien than would the seller of any other species of personal property. Doubtless, the actuating thought of the legislature was that the materialman should retain a purchase-price lien upon the thing itself; and this could be accomplished only by allowing a lien upon the building and the premises into which, or upon which, said material should become builded or delivered. To hold the right of lien further extended could only be done under a statute clearly evidencing such an intention on the part of the legislature. We deem our statute incapable of such a construction. *Houghton v. Blake*, 5 Cal. 240; *Eisenbeis v. Wakeman*, 3 Wash. 584, 28 Pac. 923; *Silvester v. Coe Quartz Mine Co.*, 80 Cal. 510, 22 Pac. 217; *Bewick v. Muir*, 83 Cal. 373, 23 Pac. 390; *Hill v. Bowers*, 45 Kan. 592, 26 Pac. 13; *Chapin v. Persse*, 30 Conn. 461, 79 Am. Dec. 263.

In view of what we have said, it becomes unnecessary to pass upon the contention of respondents that the notice of lien was fatally defective.

The judgment of the superior court is affirmed.

MOUNT, C. J., DUNBAR, CROW, RUDKIN, FULLERTON, and HADLEY, JJ., concur.