[No. 14997.   Department Two.   May 14, 1919.]

HOLLY-MASON HARDWARE COMPANY, *Respondent*, v.
NATIONAL SURETY COMPANY, *Appellant*,
BOYAJOHN-ARNOLD COMPANY,
*Defendant*.[1]

STATES (20-1) — CONTRACTOR'S BONDS—MATERIALMEN—COMPLAINT.
A complaint by a materialman upon a contractor's bond on state
work is sufficient where it alleges that the materials were furnished
and delivered by plaintiff for and were used in the erection of the
building.

SAME (20-1)—CONTRACTOR'S BONDS—CLAIMS—NONLIENABLE ITEMS.
The inclusion of nonlienable items in a materialman's notice and
claim against the bond of a contractor on state work is not fatal,
where they were inserted by mistake and were inconsiderable in
amount and easily separable.

SAME (20-1)—CONTRACTOR'S BONDS — MATERIALS — DELIVERY—EVI-
DENCE.   Under Rem. Code, §§ 1159-1161-1, giving materialmen a right
of action upon the bonds of contractors on public work for materials
furnished or provisions supplied in carrying on the work, it must
be shown that the materials were either furnished on the ground
or actually used in the construction; hence an action must fail as
to items delivered through a common carrier to a station over two
miles from the work, unless it be shown that they were actually
delivered on the ground or used in the building.

Appeal from a judgment of the superior court for
Spokane county, Blake, J., entered March 5, 1918,
upon findings in favor of the plaintiff, in an action
on contract, tried on the merits to the court. Re-
versed.

*C. B. White* and *Merritt, Lantry & Merritt*, for ap-
pellant.

*J. B. Campbell, J. D. Campbell*, and *Henry L. Ken-
nan*, for respondent.

[1]Reported in 180 Pac. 901.

FULLERTON, J.—This is an action upon a surety bond given by a contractor to secure the performance of a public work. The record shows that the Boyajohn-Arnold Company contracted with the state of Washington to construct for the use of the state certain public buildings, and that the appellant National Surety Company became surety upon its bond, given pursuant to the provisions of § 1159 of the code. The respondent is a hardware dealer and, during the course of the construction of the building, sold to the contractor certain hardware alleged to have been used in the construction of the building. The contractor did not pay for the materials so sold to it, and the respondent, to charge the surety, served on the state a notice of claim against the surety, attaching thereto an itemized list of the articles claimed to have been furnished the contractor. The notice showed a balance due of $876.24, and to recover this sum the present action was instituted.

The surety company alone defended. Its answer was in effect a general denial. After the service of the answer and before trial, the respondent served upon it a written statement to the effect that certain of the items included in its notice of claim were not properly chargeable against the bond, that they were included by error, and that at the trial the respondent would not attempt to hold the surety company liable therefor. Attached to the statement was a list of the several items, their aggregate value being $73.06.

At the commencement of the trial, the appellant moved for its dismissal, basing its motion upon the grounds that the complaint did not state facts sufficient to constitute a cause of action, and that the respondent had so commingled lienable and nonlienable items in the notice of claim as to render the claim

void and nonenforceable.   The motion was overruled, whereupon a trial on the merits was had, which resulted in a judgment in favor of the respondent for the sum of $715.80.

In this court, the appellant assigns as error the refusal of the court to dismiss the action upon its motion therefor, made at the opening of the trial of the cause.   This motion was properly denied.   The complaint, after alleging the contract between the contractor and the state for the construction of the building, further alleged that the materials for which payment was demanded were ''furnished and delivered to Boyajohn-Arnold & Co. [the contractor] for carrying on the work of the erection of said building described in paragraph two hereof, and were used in the erection thereof.''   This was sufficient.

In support of the second branch of the motion, the appellant cites the instances where this court has held liens to be void which so far intermingled lienable and nonlienable claims as to be incapable of separation, and in which the claimant has wilfully inserted in the claim of lien lienable and nonlienable items.   But, conceding the applicability of the rule of the cases cited to the case in hand, the rule is not fatal in this instance.   The nonlienable items formed an inconsiderable part of the whole, were easily separable from the lienable items and were not wilfully inserted, but were inserted by inadvertence or mistake.   The cases cited, as well as others from this court, recognize these distinctions and hold liens valid when filed in good faith, even though they may contain nonlienable items.

The further contention is that the evidence was insufficient to justify the judgment; the more precise objection being that it was neither shown that the materials sold the contractor upon which the claim is

founded, were actually used in the construction of the building, nor delivered on the ground for use therein. The testimony as to the delivery of the materials was in substance this: The place of business of the respondent was in the city of Spokane, some distance from the place where the buildings were being constructed. The goods were ordered by the contractor in varying quantities and at different times during the progress of the work. As the orders were received, the respondent delivered the materials ordered to a common carrier, sometimes a railroad company and sometimes an express company, for transportation to the shipping station nearest the site of the building, some two and one-half miles therefrom, from which place they were receipted for to the carrier by the contractor or someone on its behalf. The actual receivers of the goods were usually draymen or their employees, and the respondent was unable to show that more than a small quantity of them actually reached the building. The question, therefore, is whether this is such a delivery as will charge the bondsman of the contractor.

The statute relating to bonds of contractors undertaking a public work is found at §§ 1159-1161-1 of the code (Remington's). It provides that such bonds shall be conditioned for the faithful performance of the work by the contractor and for the payment by him of "all laborers, mechanics and subcontractors and materialmen," and all persons who shall supply the contractor "with provisions and supplies for carrying on such work." A subsequent section gives to such persons "a right of action in his, her or their own name or names on such bond for work done by such laborers or mechanics, and for materials furnished or provisions and goods supplied and fur-

nished in the prosecution of such work.'' It will be observed that the statute does not in terms make use in the building a necessary prerequisite to a right of recovery on the bond for materials furnished, nor does it make delivery on the ground such a necessary prerequisite. This court has held, however, in construing a statute with similar provisions of which the present statute is but amendatory, that one or the other of such conditions must be shown before a recovery can be had. In *Gate City Lumber Co. v. Montesano,* 60 Wash. 586, 111 Pac. 799, this language was used:

"The question then arises, who is a materialman, and what is a just debt incurred in the performance of contract work, within the meaning of the act of 1909. In the case of *Fuller & Co. v. Ryan,* 44 Wash. 385, 87 Pac. 485, we held that a materialman could not claim a lien for material which was neither used in the building nor delivered on the ground for use therein. See, also, *Foster v. Dohle,* 17 Neb. 631, 24 N. W. 208; *Weir v. Barnes,* 38 Neb. 875, 57 N. W. 750. We are not disposed to place a broader construction on the term *materialman,* and *just debts incurred in the performance of contract work,* under this statute. A more liberal construction would permit of the grossest frauds on the part of contractors, and is not necessary for the protection of *bona fide* materialmen. It appears from the testimony in this case that at least three different lumber concerns furnished material to be used in this roadway, and if a materialman brings himself within the terms of the statute by simply loading lumber on the cars at a distant point and billing it to the contractor without more, it can readily be seen that the contractor can mulct the city, or the sureties in case a bond is given, for the value of material many times in excess of the requirements of his contract."

The distinguished judge writing the opinion quoted, in support of the conclusion reached, the following

from the case of *Foster v. Dohle,* 17 Neb. 631, 24 N. W. 208:

"But it will not be seriously contended that the mere fact that the owner enters into a contract with a builder to erect or repair a building authorizes the builder to go to every lumber yard in the city and every hardware store and purchase from each a sufficient quantity of material for the erection or repair of the building in question, and make the owner of the building liable therefor. If all this material was delivered by the materialmen at the building, and they acted in entire good faith, it is possible the owner might be liable, because the delivery of the material would be notice to him of the unusual quantity which was being furnished for which he might be liable. But that question is not before the court. The contractor, however, unless expressly constituted such, is not the agent of the builder, and cannot bind him by contracts for materials not put into the building or delivered at the same for use therein. As there is nothing to show that any of the material not allowed by the court below was delivered at or used in the building the owner thereof is not liable for the same."

The principle of this case seems to us now eminently just. The bondsman manifestly did not become surety for all the materials the contractor might purchase during the time he is actually at work upon the contract, regardless of the use made of the materials. But, since he may not be able to show that the materials furnished actually went into the structure, he is allowed the more liberal rule of showing that he delivered the material on the ground for use therein. This rule, as was said in the case cited, is sufficient for the protection of *bona fide* materialmen, while a more liberal rule might lead to the grossest of frauds.

The principle announced will bar a recovery in the present case, save for such material as was actually

delivered at the building. While it is clear from the evidence that some part of it was so delivered, we have found it difficult to segregate the proportion delivered from the remainder of the claim. The necessity for making such a segregation did not arise in the court below, owing to the view the trial court took of the governing principles of law, and this accounts, perhaps, for the obscurity of the evidence in this respect.

We have concluded, therefore, to direct a reversal and a remand of the cause, with instructions to ascertain what proportion of the materials sold the contractor were actually used in the construction of the building or were actually delivered on the ground for use therein. Either party at the hearing will have the privilege of introducing further evidence.

Reversed and remanded accordingly.

MOUNT, PARKER, HOLCOMB, and MAIN, JJ., concur.