[No. 20082.   Department Two.   December 28, 1926.]

JOHN DOWER LUMBER COMPANY et al., Plaintiffs, v.
ELLIS McCAMMON et al., Defendants.

I. E. KELLY, Appellant, v. MILDRED SIMON, as
Executrix, Respondent.[1]

[1] MECHANICS' LIENS (43)—NOTICE OF CLAIM—TIME FOR FILING—
CESSATION OF WORK.   A mechanic who ceased to perform
work upon a certain building because "of the owners having
insufficient funds to complete the improvement" can have no
lien against the building unless he files a claim within ninety
days from the date that he stopped work.

Appeal from a judgment of the superior court for
Pierce county, Chapman, J., entered April 24, 1926, in
favor of the defendant, in an action to foreclose a
mechanic's lien, tried to the court.   Affirmed.

Rex S. Roudebush, for appellant.

E. R. York and Ellis, Fletcher & Evans, for respondent.

BRIDGES, J.—This appeal involves a controversy
between I. E. Kelly, the appellant, who claims to have,
and is desirous of foreclosing, a laborer's and mechanic's
lien, and Mildred Simon, the respondent, who
claims to have, and seeks to foreclose, a mortgage on
the same property involved in the lien.   The cause is
here solely on the pleadings and the decree entered by
the court.   There is no statement of facts.

The defendants McCammon and wife were the
owners of the real estate and were constructing a
building thereon.   They entered into a contract with
Kelly to do the plumbing and connect it up with the
sewer.   This contract was made in May, 1924.   The

[1]Reported in 250 Pac. 107.

decree entered by the court recites that on November 30, 1924, Kelly

". . . ceased to perform work on, and ceased to furnish materials for, said dwelling by reason of the owners having insufficient funds to complete the improvement,"

and that at that time all the work that Kelly was required to do under his contract had been performed, except connecting the plumbing with the sewer, which could be done at an expense of about forty dollars. It is further recited that no materials were furnished or labor performed by Kelly, subsequent to the 30th of November, 1924; that in July, 1925, he filed his claim of lien, as required by the statute, for the balance due him for his work, and that, on October 1 of the same year, he filed an amended lien notice.

It will be observed that the first notice of lien was filed seven or eight months, and the second notice about nine months, after Kelly ceased to perform labor or to furnish materials. The trial court adjudged that Kelly did not have any lawful lien on the premises, but awarded him a money judgment against McCammon for the balance due him. He appeals from that portion of the decree which denies him any lien on the premises.

[1] He here asserts that his lien was filed in due time, because his work under his contract had not been completed solely as the result of the conduct of the owners of the property. His argument appears to be that, because his inability to complete his contract is the result of the fault of the property owner, he has ninety days after the termination of the contract by the property owner within which to file the claim of lien. He seeks to bring himself within the doctrine of the case of *Lamoreaux v. Andersch,* 128 Minn. 261, 150 N. W. 908, L. R. A. 1915 D, 204, which he contends is

controlling of the questions involved here.   In that case, the owner of real estate, desiring to construct a building, entered into a contract with an architect to furnish plans and specifications and to supervise the construction of the building for a definite sum.   After the plans and specifications had been drawn, but before the actual work of construction had started, the property owner repudiated the contract and refused to proceed with the construction of the building.   The court held that the architect had ninety days, immediately following the time when the owner of the property terminated the contract within which to file his claim, and this, regardless of the time the last services had been performed.   The statute there was practically the same as our own.   The syllabus in that case very accurately reflects the court's decision and is as follows:

"The contract between the architect and the owner was that the former should furnish plans and specifications for and supervise the construction of the building for an entire consideration, based on a percentage of the total cost.   The lien statement was filed within 90 days after the owner repudiated the contract.   It is *held* that such statement was filed in time, though the last work on the plans and specifications was done more than 90 days prior thereto."

Our statute provides that no mechanic's or laborer's lien shall exist unless, within ninety days from the date of the cessation of the performance of such labor or of the furnishing of such materials, a claim for such lien shall be filed for record as provided by the statute. Respondent contends, and the trial court appears to have so held, that the lien should have been filed within ninety days immediately following the last work done or material furnished. The appellant seems to contend that, where the owner of the property has terminated the contract and made it impossible for the contractor

to complete his work, the latter has ninety days after the termination of the contract within which to file his claim. Such was the holding in the case last above cited.

If we should adopt the doctrine of that case, it would not help the appellant. There being no testimony here, we must accept the court's findings as being correct. It is there recited that, on November 30, 1924, Kelly ceased to perform any work or furnish any materials because "of the owners having insufficient funds to complete the improvement." It may seriously be doubted whether this was such a repudiation or termination of the contract by the property owner as would bring the case within the doctrine of *Lamoreaux v. Andersch, supra,* because apparently, the owner did not terminate the contract, but Kelly stopped his work because of the financial embarrassment of the owner. However, if we assume that Kelly ceased to perform his contract because of the repudiation thereof by the owner of the property, still he did not file his claim within time. If we take Kelly's view of the facts, then, on November 30, 1924, he stopped work and did nothing thereafter, because on or before that date the property owner had terminated the contract. In order to bring himself, therefore, under the *Lamoreaux* case, he should have filed his lien within ninety days from the 30th of November, 1924, the time the contract was terminated by the owner. This was not done. His claim was filed long thereafter. Upon these facts, it is clear to us that the court was right in holding that he did not have any enforceable lien.

The judgment is affirmed.

TOLMAN, C. J., MACKINTOSH, ASKREN, and PARKER, JJ., concur.