[No. 22593. Department One. December 10, 1930.]

L. WARMING, *Respondent*, v. THOMAS F. HARGIS *et al.*, *Respondents*, CASCADE LUMBER COMPANY, *Appellant.*[1]

*Rigg, Brown & Halverson,* for appellant.

*Cheney & Hutcheson, Williamson & La Berge, O. R. Schumann, W. B. Clark,* and *Graves, Kizer & Graves,* for respondents.

[1]Reported in 294 Pac. 248.

502

TOLMAN, J.—Appellant, on March 5, 1928, filed a claim of lien against certain real property for labor and material furnished during the period beginning August 31, 1927, and ending December 8, 1927. Only the last item is in dispute, and if that be eliminated, admittedly the claim was not filed in time. The trial court held against the claimant on this disputed item and denied the lien. The claimant has appealed.

It appears that the respondents Hargis held title to certain residence property in the city of Yakima, and to certain ranch property at some distance therefrom. The dwelling house on the ranch having been damaged by fire, the owners undertook to repair or rebuild it, and appellant furnished certain material which was used for that purpose and about which there is no dispute. Ten days, or such a matter, after the delivery of the last undisputed item, respondent Thomas F. Hargis brought to appellant's shop in Yakima a sash which had been broken and asked if it could be repaired. Being advised that it could, he ordered the sash repaired and himself returned to the shop within a day or two and took away the repaired sash. It does not appear that Hargis made any representations as to where the sash came from, or where it was to be used, but appellant simply assumed that it came from the dwelling on the ranch and was taken back and there used. It now appears, without dispute, that the sash belonged in the Yakima residence, that it had been accidentally broken, was taken from that residence, repaired by the appellant, and returned to and replaced in the Yakima residence by Hargis where it has at all times since remained.

Appellant makes no serious contention that the facts are otherwise than as we have stated them; but, notwithstanding, contends for a right of lien upon the authority of *Huttig Bros. Mfg. Co. v. Denny Hotel*

*Co.,* 6 Wash. 122, 32 Pac. 1073; *Western Hardware & Metal Co. v. Maryland Casualty Co.,* 105 Wash. 54, 177 Pac. 703, 181 Pac. 700, and *Haskell v. McClintic-Marshall Co.,* 289 Fed. 405. All of these cases relate to materials specially prepared for use in the particular building and not actually used therein through no fault of the lien claimant and each is readily distinguishable upon the facts.

Upon the supposition that Hargis represented that the sash was for use in the dwelling on the ranch, a claim of estoppel is advanced; but, as we have already seen, the record fails to show that Hargis made any representations in that respect and the authorities cited under this head need not be considered.

Appellant, having failed to establish by its proof that the sash which it repaired on December 8 was delivered to, used in, or specially designed for use in the dwelling on the ranch, cannot include that item in its claim of lien. *Kellison v. Godfrey,* 154 Wash. 219, 281 Pac. 733; *Fuller & Co. v. Ryan,* 44 Wash. 385, 87 Pac. 485; *Gate City Lumber Co. v. Montesano,* 60 Wash. 586, 111 Pac. 799; *Holly-Mason Hardware Co. v. National Surety Co.,* 107 Wash. 74, 180 Pac. 901.

Without this item the claim was not filed within ninety days after the last lienable item was furnished and therefore the whole claim fails. *Brown v. Hunt & Mottet Co.,* 111 Wash. 564, 191 Pac. 860; *John Dower Lumber Co. v. McCammon,* 141 Wash. 381, 250 Pac. 107; *Petro Paint Mfg. Co. v. Taylor,* 147 Wash. 158, 265 Pac. 155.

The judgment appealed from is affirmed.

MITCHELL, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.