[No. 11581.   Department Two.   February 28, 1914.]

O. C. NELSON, *Respondent*, v. ALTHEA WALKER, *Appellant.*[1]

APPEAL—REVIEW—FINDINGS. Findings upon conflicting oral evidence will not be disturbed on appeal, where the testimony does not, in view of attending circumstances, preponderate against them.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered May 15, 1913, upon findings in favor of the plaintiff, in an action for services rendered, tried to the court. Affirmed.

*George H. Bailey*, for appellant.

*Frank E. Green* and *Brady & Rummens*, for respondent.

PARKER, J.—The plaintiff seeks to recover from the defendant the reasonable value of services rendered as her attorney, in litigation involving large property interests, ap-

[1]Reported in 139 Pac. 31.

proximating in value $500,000. A trial before the court without a jury resulted in findings in favor of the plaintiff, awarding him the total sum of $2,500 as the reasonable value of his services, upon which judgment was rendered in his favor for the sum of $1,550, after deducting payments theretofore made to him. From this disposition of the cause, the defendant has appealed.

Respondent's claim was resisted by appellant in the trial court upon the ground that the amount claimed by him was much greater than the reasonable value of his services. Upon this issue, appellant was, in a large measure, successful, the amount finally awarded to respondent by the trial court being very much less than the amount claimed by him. No contention is here made that the evidence does not fully sustain the trial court's finding that the services of respondent were reasonably worth $2,500.

Respondent's claim was also resisted by appellant in the trial court upon the ground that, at the time of respondent's employment, there was an oral agreement made between him and appellant whereby his compensation was to be determined by one Raybould, who was the agent and adviser of appellant, and that, after the completion of respondent's services, Raybould fixed the value of his services at $1,250. Upon this issue, the trial court found that no such agreement was ever made, and concluded that the respondent was entitled to recover the reasonable value of his services. The claimed error of the trial court in deciding this question against appellant is the sole ground upon which her right to a reversal of the judgment is rested. This presents only a question of fact, the correct answer to which rests upon oral testimony as to which there is serious conflict. This conflicting testimony, measured by mere number of witnesses, might seem to preponderate in appellant's favor, but when it is considered in the light of attending circumstances, we think there is ample room for difference of opinion as to the making of the agreement as claimed by appellant. The evidence is volumin-

ous, and counsel for appellant seems to have been able to devote something more than one hundred pages of his brief in argument upon this question. The question, in its last analysis, is one of fact. We do not think it would be profitable to review the evidence and argument made thereon in detail here, and conclude that the judgment of the learned trial court should not be disturbed by us.

The judgment is affirmed.

CROW, C. J., MOUNT, MORRIS, and FULLERTON, JJ., concur.