[No. 11655.   Department Two.   May 28, 1914.]

THOMPSON COMPANY, *Appellant*, v. THOMAS F. MURPHINE
*et al., Respondents.*[1]

SALES—CONDITIONAL SALES—REMEDIES OF SELLER—ELECTION.   The
taking of possession by the vendor of books sold under a conditional
sales contract, retaining the title to the property until the price is
paid, is an election of remedies, and bars an action for the balance
of the purchase price.

Appeal from a judgment of the superior court for King
county, Humphries, J., entered June 26, 1913, upon findings
in favor of the defendants, in an action on contract, tried to
the court.   Affirmed.

*Oliver Hulback*, for appellant.

PARKER, J.—The plaintiff seeks to recover from the de-
fendants a balance due upon the purchase price of books, un-
der a sale contract which contemplated delivery of the books
to them and payment to the plaintiff therefor, in installments.
A trial before the court, a jury being waived, resulted in find-
ings and judgment in favor of the defendants, from which the
plaintiff has appealed.

By the terms of the sale contract, which was in writing, it
was expressly agreed that the "right of property" in the
books  should remain in appellant "until the same are wholly
paid for."   The books were delivered by appellant to re-
spondents and some of the installments paid thereon.   Among
the findings made by the trial court is the following:

"That, prior to the commencement of the above entitled
action, the said plaintiff took possession of all of the books in
said agreement described, and now has in its possession and
under its control each and all of the books in said contracts
described, and is the owner thereof."

[1]Reported in 140 Pac. 1073.

The evidence is in conflict upon the question of appellant's taking possession of the books; that is, upon the question of appellant's agent authorizing one Watkins to take possession of the books. That such possession of Watkins was originally authorized by appellant's agent, with a view to Watkins becoming the purchaser of the books from appellant, may be regarded as not being fully established by the evidence, but we think that the evidence does, in any event, support the conclusion that the books were eventually left by the agent of appellant with Watkins under such circumstances as to amount to appellant's assuming possession thereof. There is, at least, room for difference of opinion on this question, such as induces us not to ignore this finding of the trial court as it is contended we should do. Under our decision in *Stewart & Holmes Drug Co. v. Reed*, 74 Wash. 401, 133 Pac. 577, this amounted to an election of remedies on the part of appellant, preventing it from recovering the balance of the purchase price. Clearly it cannot have both the books and the balance due upon the purchase price.

The judgment is affirmed.

CROW, C. J., MOUNT, and MORRIS, JJ., concur.