[No. 12372. Department One. April 5, 1915.]

N. T. BRADLEY et al., Respondents, v. DONOVAN-PATTISON REALTY COMPANY et al., Appellants.[1]

MECHANICS' LIENS—OPERATION—PRIORITY BY RELATION. A temporary cessation of work, where the design of the performance is not abandoned and work is subsequently resumed and prosecuted without any substantial change in the plan, will not prevent relation back of a mechanics' lien to the time of the original commencement of work, in view of Rem. & Bal. Code, § 1147, which declares that the provisions of the mechanics' lien law shall be liberally construed with a view to effect their objects.

APPEAL AND ERROR—REVIEW—FINDINGS OF TRIAL COURT—CONCLUSIVENESS. The findings of a trial judge, who personally saw and heard the witnesses, will not be disturbed on appeal where the appellate court is not able to say that such findings are clearly not supported by the weight of the evidence, even if contrary to the majority of the witnesses.

APPEAL AND ERROR—RIGHT TO REVIEW—WAIVER OF ERROR—CONSENT. An allowance of an attorney's fee of $75 upon decreeing foreclosure of a lien for $86 will not be disturbed on appeal, where the parties had stipulated that, in the event the court should find in favor of the plaintiffs, or either of them, the attorney's fee allowed should be $75.

APPEAL AND ERROR—DETERMINATION—LIABILITY OF TRUSTEE—JUDGMENT—REFORMATION. A decree foreclosing mechanics' liens against a bankrupt corporation's estate is not invalid as a personal judgment against the trustee in bankruptcy, merely from the fact that it reads against an individual "as trustee for said corporation," when from a reading of the whole decree it is evident no personal judgment was intended; but, in the interest of certainty, it should be amended to read "against the estate and assets" of the bankrupt.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered April 11, 1914, upon findings in favor of the plaintiffs, in an action to foreclose mechanics' liens, tried to the court. Affirmed.

L. A. Merrick and C. H. Graves, for appellants.

E. T. Bascom and Coleman, Fogarty & Anderson, for respondents.

[1]Reported in 147 Pac. 421.

Holcomb, J.—Respondent Bradley entered into an oral contract with the Donovan-Pattison Realty Company, a corporation, to paint, stain the shingles of the roofs, put heavy paper on the inside, paper the walls, and paint and shellac the floors and porches of four houses belonging to said corporation, in the month of August, 1912. The agreed price for each of said houses was $127. The respondent Trabont entered into an oral contract with said corporation in the month of August, 1912, to clear, grade, fill in, and otherwise improve a certain tract or parcel of land about 309 by 390 feet in area, for the sum of $300. Bradley filed two liens against the property upon which he furnished material and performed labor, the first being filed June 16, 1913, against two of the houses and tracts of land, one for the amount of $112, and one for the amount of $112.65, the second of his liens being filed June 19, 1913, against one of said houses and tracts of land for the sum of $94.30. Trabont filed one lien on July 3, 1913, for a balance of $258. Bradley's lien first filed declared that the furnishing of the labor and materials thereunder commenced on the 25th day of September, 1912, and ceased on April 14, 1913. His second lien declared that the furnishing of the labor and materials commenced on September 4, 1912, and ceased on June 14, 1913. Trabont's lien declared that the furnishing of labor and materials commenced on August 27, 1912, and ceased on July 3, 1913.

After the commencement of the furnishing of the labor and materials by each of these lienors, and on September 30, 1912, the corporation gave a mortgage upon the premises to one Eclista Pattison, which was recorded on October 1, 1912; also a mortgage to one Vanasdlen on October 2, 1912, recorded on October 7, 1912; and also a mortgage to one Dubuque on September 9, 1912, recorded on September 20, 1912. On August 30, 1913, the Donovan-Pattison Realty Company was duly adjudicated a bankrupt, and on September 15, 1913, the appellant Merrick was duly elected and

qualified as trustee of said bankrupt. The defendants Keating and wife, subsequently to the commencement of the labor by Trabont, purchased from the Donovan-Pattison Realty Company a portion of the tract or tracts upon which Trabont performed labor under his lien. The appellants' defense was that respondents had lost their lien rights by reason of their failure to file their notices of lien within the time prescribed by law, to wit, within ninety days after the cessation of the performance of the labor and the furnishing of the materials for which the liens were claimed. The court made findings of fact and conclusions of law, sustaining the Bradley liens as to two of the houses for the amounts claimed, but denying his right to a lien as to one of the houses; sustaining the Trabont lien as to one house and one acre of land in connection therewith for one-third of the amount claimed, and denying his claim as to two acres of the tract included in his lien notice.

Sixteen errors are assigned by appellants, based upon the making and refusing to make findings of fact and conclusions of law. The principal contention on the part of appellants is that the lienors actually completed the labor and furnishing of materials under their respective contracts long before the time they alleged, and did not file their liens within ninety days thereafter. They also insist that whatever labor was done by the lienors within ninety days before the time when they filed their liens was immaterial, and was done only for the purpose of apparently extending the time for filing their liens. They, therefore, contend that the liens are invalid and should not be sustained as against the mortgagees, who are incumbrancers, and that these claims should take equal right only with those of general creditors of the bankrupt estate.

We have examined the entire record in the case with great care. The evidence clearly shows that there was no limitation as to time when the furnishing of any of the labor and materials by either of the lienors was to be completed. Ap-

pellants insist that to uphold the liens, the work must have continued without cessation up to within ninety days prior to the filing of the lien. Our statute, Rem. & Bal. Code, § 1132 (P. C. 309 § 61), provides that "the liens created by this chapter are preferred to any lien, mortgage or other encumbrance which may attach subsequently to the time of the commencement of the performance of the labor, or the furnishing of the materials for which the right of lien is given," and Rem. & Bal. Code, § 1147 (P. C. 309 § 89), provides that "the provisions of law relating to liens created by this chapter, and all proceedings thereunder, shall be liberally construed with a view to effect their objects." In *Rieflin v. Grafton*, 63 Wash. 387, 115 Pac. 851, this court held that the furnishing of three panes of glass on August 18, where it did not appear that the furnishing thereof was deferred fraudulently merely for the purpose of extending the time for filing the lien, but was a necessary element of performance of the contract, was sufficient to warrant the filing of a lien on October 14, where the last previous furnishing of material was on June 2 preceding. The evidence is sharply in conflict, but the testimony of some of the employees who had done work for the lienors upon these contracts shows that, as to the Bradley liens, substantial work was performed and materials furnished about April 12 and 14, 1913, and thus within ninety days prior to the filing of the liens; that, as to the Trabont contract, substantial work was done throughout March and April of 1913; and that as to the tract on which the court allowed the lien in favor of Trabont, he and another man worked thereon a day just prior to the filing of the lien.

The court disallowed the Trabont lien as to two acres purchased by Keating, upon the finding that the clearing and grading had been done upon these two acres more than ninety days previous to the filing of the lien, and that Keating was an innocent purchaser of the two acres as to Trabont's right of lien. It is not necessary that the work should

have continued uninterruptedly from the time it commenced until the time it ceased. A temporary cessation of work, where the design of the performance is not abandoned and work subsequently resumed and prosecuted without any substantial change in the plan, will not prevent the relation back of the lien to the time of the original commencement. 27 Cyc. 217; *Rieflin v. Grafton, supra.*

An examination of the testimony as shown in the record does not disclose anything that would justify this court in arriving at a different conclusion from that reached by the trial court, even though the number of witnesses in favor of the respondents was less than the number in favor of appellants. The findings of the trial court, who personally saw the witnesses, heard them testify, observed their conduct and demeanor while testifying, and weighed their interest and motives and the probabilities of the truthfulness of their testimony, will not be disturbed on appeal where this court is not able to say that such findings are clearly not supported by the weight of the evidence. *Columbus Varnish Co. v. Seattle Paint Co.,* 77 Wash. 245, 137 Pac. 434; *Nelson v. Walker,* 78 Wash. 353, 139 Pac. 31; *Thompson Co. v. Murphine,* 79 Wash. 672, 140 Pac. 1073; *Bogle v. Devlin,* 81 Wash. 50, 142 Pac. 433.

Appellants contend, however, that as to the Trabont lien, there was a settlement in full between the company and Trabont on about March 13, 1913. As to this, again, there is a sharp conflict between the appellants and Trabont. The latter testifies that it was a partial settlement, and that the two notes given him for $50 each were given him for the purpose of assisting him in furnishing powder and paying his living expenses while proceeding with the work. The notes were not paid, but are among the liabilities of the insolvent corporation. There is testimony on behalf of respondents that the officer of the company who claimed to have made the settlement with Trabont admitted to one of the attorneys for respondent, about the time the liens were

filed, that the Trabont lien and claim were good.  We do not feel justified in reversing the findings and decision of the trial court upon these facts.  From an examination of the entire record, we believe that the trial court reached as nearly substantial justice as could have been arrived at in the matter, and that the judgment should not be disturbed.

Appellants also complain of the allowance of an attorney's fee of $75 on a decree of foreclosure of the lien of Trabont for the sum of $86.  The parties stipulated in the record at the trial, that "in the event the court should find in favor of the plaintiffs, or either one of them, the attorney's fee allowed shall be $75."  In view of this stipulation, and the court having found for said plaintiff in a substantial amount, appellants cannot be heard to dispute the attorney's fee stipulated, and the allowance will not be disturbed.

Appellants contend also that the judgment as to Merrick, the trustee of the bankrupt estate, is invalid.  We do not understand that the judgment of the court below against Merrick was intended as a personal judgment, but only a judgment against the entire estate, and especially against the real estate upon which the liens attach, in so far as the bankrupt and the trustee in bankruptcy are concerned.  Of course, it would not be valid as a personal judgment against the trustee.  From a reading of the terms of the decree we do not consider it was so intended.  It may be modified, however, in the interests of certainty, so that, in each instance where the decree reads against L. A. Merrick, as trustee for said corporation, it shall read "as to the estate and assets of said Donovan-Pattison Realty Company, a corporation, bankrupt."

In all other respects the decree is affirmed, with costs to respondents.

Morris, C. J., Mount, and Parker, JJ., concur.