[No. 18912.   Department One.   March 12, 1925.]

ANTON OSTEN, *Respondent*, v. LILY CURTIS, *Appellant*.[1]

MECHANICS' LIENS (43)—NOTICE OF CLAIM—TIME FOR FILING—CESSATION OF WORK. Under Rem. Comp. Stat., § 1134, requiring the filing of a mechanics' lien within 90 days after cessation of the labor, a claim for work and labor in the repair of a house, filed December 11, is within time, where the work proceeded until July 30, and was then suspended until October 15, when, in pursuance of the original agreement, which was indefinite as to time, at the owner's request, the claimant worked a portion of a day in repairing a corner of the house and furnished material therefor.

Appeal from a judgment of the superior court for King county, Reynolds, J., entered March 15, 1923, in favor of the plaintiff, in an action to foreclose a mechanics' lien, tried to the court. Affirmed.

*Spencer Gray*, for appellant.

*Bronson, Robinson & Jones* and *W. L. Grill*, for respondent.

[1]Reported in 233 Pac. 643.

PARKER, J.—The plaintiff, Osten, commenced this action in the superior court for King county seeking recovery for labor and material furnished by him to the defendant, Mrs. Curtis, in the repair of an old dwelling house belonging to her; and also to have the amount due him therefor decreed to be a lien upon the property. A trial resulted in a decree awarding recovery and foreclosure as prayed for by Osten, from which Mrs. Curtis has appealed to this court.

No formal findings of fact were made by the trial judge. It, however, is apparent from the record that he viewed the facts in substance as follows: The house in question was old and in a very bad state of repair. It had badly settled so as to call for leveling up, repair of its foundation, new floor in its basement, replastering in many places, etc. Mrs. Curtis entered into an agreement with Osten by which he was to do such repairing of the house as would be necessary to put it in a fair condition as a dwelling. She, however, retained the right to discharge him at any time, and also to determine to what extent such repairs should be made. She agreed to pay him $8 per day for his own wages and $6 per day for his helper, and also the cost of whatever material he should necessarily purchase and use in making the repairs. The work was proceeded with during May, June and July. No work was done during the period from July 30th to October 15th, when, at the further request of Mrs. Curtis, Osten, with his helper, finally repaired a corner of the foundation, working a portion of a day and furnishing a small amount of cement and sand therefor. Soon thereafter Osten presented to Mrs. Curtis his bill, computing his time at $8 per day and that of his helper at $6 per day, and charging her with the actual cost of the material purchased and used by him, claiming in all $319.36. This not being paid by Mrs. Curtis, Osten,

on December 11th, filed in the office of the county audi-
tor his claim of lien therefor. This, it will be noticed,
was a filing of his claim of lien more than ninety days
after July 30th and less than ninety days after Octo-
ber 15th.

It is first contended in behalf of Mrs. Curtis that
the labor performed by Osten was not of the reasonable
value of $319.36 the contention in this behalf being
only that Osten and his helper did not actually work in
the making of the repairs as many days as claimed
by Osten. This manifestly involves nothing but a
question of fact. The trial judge, in a memorandum
opinion, reviewed this question at considerable length,
and the reading of the evidence has fully convinced us
that his conclusions are well supported thereby.

It is further contended in behalf of Mrs. Curtis that,
in any event, Osten is not entitled to a decree of fore-
closure as awarded to him; this upon the theory that he
did not file his lien claim in the office of the county
auditor within the time prescribed by law that is,
within ninety days from the date of the cessation of the
performance of such labor and the furnishing of such
materials, as provided by § 1134, Rem. Comp. Stat. [P.
C. § 9710]. It is argued that the real cessation of the
performance of the labor and the furnishing of the
material occurred on July 30th, and not on October
15th, and therefore the filing of the lien on December
11th was not timely. The argument seems to be that
the item of labor and material furnished on October
15th was of too trifling a nature to be considered as
extending the cessation of the labor and the furnishing
of the material up to that time, and that such cessa-
tion should be regarded as having occurred on July
30th, which, as we have seen, was more than ninety
days before the filing of the lien claim. We do not
see in this evidence any fair ground for arguing that

Osten furnished this item of labor and material on October 15th other than in good faith, or that he did so with a view of postponing the running of the time within which he was entitled to file his lien claim. He testifies that he did this at the express request of Mrs. Curtis. The trial court believed his testimony in this respect in preference to that of Mrs. Curtis, and we are not inclined to differ with this conclusion of the trial court. While Osten did not have an express contract with Mrs. Curtis to make any particular amount of repairs upon the house, it seems plain to us that all that he did, including this last item furnished on October 15th, was in pursuance of the original agreement he had with her. So viewing the facts, as we think the trial court was warranted in viewing them, our decision in *Rieflin v. Grafton,* 63 Wash. 387, 115 Pac. 851, seems to be decisive in favor of Osten touching the question of the timeliness of the filing of his lien notice. Noticing a number of authorities, we there said:

"All the material furnished by the appellant was furnished between March 2 and June 2, 1909, except two or three panes of glass. These were furnished on the order of the respondent Grafton, on August 18, 1909, to replace defective glass theretofore furnished by the appellant. On October 14, 1909, the appellant filed a claim of lien for the material which he had furnished, and caused it to be duly recorded. The trial court denied the lien, because he was of the opinion that the lien should have been filed within ninety days from June 2, 1909, . . . We think the learned trial court misinterpreted the statute. The delivery of August 18 was made upon the demand of one of the owners of the property, for the purpose of correcting defects which he claimed existed. The good faith of the appellant in furnishing these items cannot be questioned. The time for filing the claim of lien had not then expired, and the material was not furnished for the purpose of prolonging the time for filing it, or for

the purpose of renewing a right to a lien which had been lost by delay.''

We conclude that the decree must be in all things affirmed. It is so ordered.

TOLMAN, C. J., MAIN, BRIDGES, and ASKREN, JJ., concur.