[No. 19586.  Department One.  March 12, 1926.]

## B. E. ROSE, *Respondent,* v. FELIX O'REILLY *et al., Defendants,* F. K. ROBINSON *et al., Appellants.*[1]

[1] MECHANIC'S LIENS (65)—NOTICE OF CLAIM—AMENDMENT. A lien notice, and the complaint thereon, inadvertently giving May 30 as the date of the cessation of the work, may be amended at the trial to conform to proof that the last work was done on May 31, in view of Rem. Comp. Stat., § 1134, allowing amendments in so far as third parties are not affected, and the time of actual filing was not more than ninety days after cessation of the work.

[2] SAME (43)—NOTICE—TIME FOR FILING—CESSATION OF WORK. A mechanic's lien will not fail because the work was done at intervals and not prosecuted diligently, where there was no limitation by contract, and the last work was not delayed fraudulently.

Appeal from a judgment of the superior court for King county, Clifford, J., entered June 5, 1925, in favor of the plaintiff, in an action to foreclose a mechanic's lien, tried to the court. Affirmed.

*Roberts & Skeel* and *D. D. Mote,* for appellants.

*John J. Dunn* and *Long & Schweppe,* for respondent.

HOLCOMB, J.—Respondent brought suit in the lower court to foreclose a mechanic's lien. Appellants, who were defendants below, answered, and by cross-complaint sought foreclosure of a mortgage, and prayed that the lien of the mortgage be adjudged prior to the lien of respondent. O'Reilly, the owner of the property, contracted with respondent for the installation of a heating-plant in a house on the premises against which the lien and the mortgage were placed. The contract was entered into in March, 1923, and no time was specified for its completion. Labor and materials

[1]Reported in 244 Pac. 124.

were commenced to be furnished in May, 1923. Respondent, being unable to collect the remainder due on the contract, on August 29, 1924, filed his mechanic's lien, in which it was recited that the furnishing of material and the performing of labor ceased on May 30, 1924. The mortgage of appellants was executed in November, 1923, and was assigned to appellants on December 1, 1923. Default was claimed and entered against the defendant owners, and no other parties appeared, or were before the lower court, except respondent and these appellants.

Respondent alleged that the performing of the labor and the furnishing of the materials ceased on May 30, 1924, and the lien was filed on August 29, 1924, which shows a period of ninety-one days between the date on which the last labor was performed and material furnished and the date of filing the lien.

[1] When respondent prepared his lien, he gave the date May 30 as the date of cessation of his furnishing labor and material, because of his impression that that was the last day of May. Some time before the trial he discovered his mistake, and that Friday, May 30, had been Memorial Day, a legal holiday, at which time, he testified at the trial, he was personally in Burlington, Washington. Remembering clearly that he performed the last work on Saturday, the last day of May, he applied to the court some time before trial, after notice to appellants, for leave to amend his lien notice to agree with that fact. After a contested hearing on his motion, the lien was ordered amended. At the trial, the trial judge permitted the complaint to be amended to conform to such proof.

Appellants contend that this was error, because the effect of the amendment was to bring the filing date of the lien notice within ninety days of the date on which

the last work was performed, whereas, May 30 was ninety-one days therefrom, which would not permit the filing of the lien claim on August 29.

Rem. Comp. Stat., § 1134, provides:

". . . and such claim of lien may be amended in case of action brought to foreclose the same, by order of the court, as pleadings may be, in so far as the interests of third parties shall not be affected by such amendment."

In *Sullivan v. Treen*, 13 Wash. 261, 43 Pac. 38, we said:

"In our opinion the parties intended to be protected from the force of the statute allowing such amendments were only those who had acquired some interest subsequent to the filing of the lien notice, and had no reference to those whose relations to the property had not been changed since such filing."

See, also, *Malfa v. Crisp*, 52 Wash. 509, 100 Pac. 1012; *Cornelius v. Washington Steam Laundry*, 52 Wash. 272, 100 Pac. 727; *Stetson & Post Lumber Co. v. Sloane Co.*, 61 Wash. 180, 112 Pac. 248. In the last cited case we said:

"Neither did it come too late. The rule of amendment established by this court is that amendments of this character are in the nature of amendments to pleading, and the same liberal rule as to substance and time should be followed where the interests of third parties are not injuriously affected. Such is the plain import of our statute."

It will be remembered that respondent began the performance of his contract upon the liened premises in May, 1923, and appellants' mortgage was not executed and filed of record until November 15, 1923. Appellants rely upon *McMullen & Co. v. Croft*, 96 Wash. 275, 164 Pac. 930, where we said:

"We have never held that a lien notice filed after the expiration of ninety days could be so amended as to make it a valid lien notice."

But there the lien notice was filed more than ninety days after the cessation of the labor and the furnishing of materials. Here it was not, according to the evidence, for the trial court, after hearing the conflicting evidence, and seeing and weighing the credibility of the witnesses, resolved the evidence in favor of respondent. There is no preponderance against that finding. Hence, we conclude that the order allowing the amendment to the lien notice and the trial amendment of the complaint were without error.

[2] It is also contended here that the work was not prosecuted diligently, but that the items of work performed and the materials furnished were furnished at such great intervals that the lien should be disallowed.

At the trial, counsel for appellants stated to the trial court that appellants did not contest the amount of the lien, nor did they deny that the work was satisfactorily done and the materials furnished. However, the evidence clearly shows that there was no limitation by the contract as to the time when the furnishing of materials and the performance of labor should be completed.

We have held that, where it did not appear that the furnishing of labor and material was deferred fraudulently, merely for the purpose of extending the time for filing the lien, but was a necessary element of the performance of the contract, the lien should not fail, and, without prolonging this opinion unduly, may cite our cases without quoting therefrom. *Bradley v. Donovan-Pattison Realty Co.,* 84 Wash. 654, 147 Pac. 421; *Osten v. Curtis,* 133 Wash. 360, 233 Pac. 643.

There is nothing in the present record in the slightest way indicating fraud or bad faith on the part of respondent.

We find no error and the decree is affirmed.

TOLMAN, C. J., FULLERTON, PARKER, and MAIN, JJ., concur.