[No. 19923. Department Two. July 14, 1926.]

I. L. GALLATIN *et al., Appellants,* v. GEORGE MILLER *et al., Respondents.*[1]

[1] LOGS AND LOGGING (28)—LIENS—PROCEEDINGS TO OBTAIN—NOTICE OF CLAIM—TIME OF FILING. Loggers employed by a contractor cannot claim a lien for work performed by them more than thirty days after the close of the work of their employer, which work they did without authority or notice to the owner and for the purpose of stretching the time for filing a lien under Rem. Comp. Stat., § 1162.

[2] SAME (24)—LIEN—AGENT OF OWNER—PERSONAL LIABILITY OF OWNER. Loggers employed by a contractor are not entitled to personal judgment against the owner for work performed by them after the close of the work of their employer, who was not a general agent of the owner with power to enter into any personal obligation against the owner.

Appeal from a judgment of the superior court for King county, Honorable Thomas N. Askren, judge *pro tempore,* entered December 19, 1925, upon dismissing an action for the foreclosure of a loggers' lien after a trial on the merits to the court. Affirmed.

¹Reported in 247 Pac. 936.

*Douglas T. Ballinger* and *Alex M. Vierhus,* for appellant.

*Guie & Halverstadt,* for respondent Miller.

MITCHELL, J.—George Miller, the owner of certain timber land in Snohomish county, entered into a written contract October 29, 1923, with Arthur Longmate by which the latter agreed to log the timber and deliver it in the water at Everett within one year from the date of the contract. Longmate, the logger, agreed to furnish all labor, material and equipment and keep the timber and logs free from liens. His compensation was fixed by the contract. Longmate employed the plaintiffs I. L. Gallatin and Ezra Gallatin to do the falling and bucking, both being informed by Longmate of the time limit fixed in his contract. The logging operations continued until about the first of December, 1924, at which time, within the knowledge of plaintiffs, he quit logging and moved all of his machinery, equipment and material from the premises. At that time there was a balance amounting to a considerable sum due the plaintiffs for labor performed. Longmate gave them an order on Miller for the amount due them according to the understanding between them and him. They presented the order to Miller, or his representative, by whom it was rejected, on December 29, 1924, with the information that Longmate had already been overpaid.

On June 1, 1925, the plaintiffs jointly made and filed in the county auditor's office a loggers' lien on a quantity of logs belonging to Miller, alleged to have been cut by them between November 17, 1923, and May 19, 1925, the latter date being more than five months after their employer, Longmate, had quit and abandoned all logging operations on Millers' land. This action was brought to foreclose that loggers' lien and,

among other things, for a personal judgment against Miller. In addition to appropriate denials, Miller pleaded as an affirmative defense that the lien was not filed within the period fixed by statute, that is, "within thirty days after the close of the rendition of the services." Section 1168, Rem. Comp. Stat. [P. C. § 9685]. Upon the trial of the case, judgment of dismissal was entered against the plaintiffs, who have appealed.

[1] When Longmate quit logging and moved all his equipment, the appellants, who were aware of his quitting and were at all times cognizant of the time limit fixed in Longmate's logging contract, no longer had the right to continue work under authority from Longmate, the statutory agent of the owner for the purpose of fixing or creating the right of lien on logs and timber upon which labor was performed. It appears that Longmate did not completely log all of the timber on the land, and the appellants testified that, between a date near the first of the year 1925 and May 19, 1925, they continued from time to time to fall trees on the land. Therefrom it is contended that their lien notice filed on June 1, 1925, is valid and effective for their labor performed in the year 1925, and that it also kept alive their right of lien for all labor performed for Longmate within a period of eight months prior to the filing of the lien. The work they did in 1925 was performed in a desultory manner for the purpose, as they admitted, of trying to string out the time during which they might file a lien. That work was altogether unauthorized. Longmate had no right, as already noticed, to engage them for work after his rights ceased, and it is undenied that Miller, or any one representing him, never gave appellants or either of them the right to continue cutting the timber; nor does it appear that Miller or any one representing him had

any notice or knowledge whatever that either of the appellants was cutting trees on the land during the year 1925 other than Miller's office man or secretary told them they could cut some fire wood on the land for their own personal use. The statutes are plain that the lien must be filed within thirty days after the close of the work performed at the instance of the owner or his agent. Rem. Comp. Stat., § 1162, 1168 [P. C. §§ 9679, 9685]. The lien in this case, not having been filed within such time, must be held to be invalid.

[2] . Nor are appellants entitled to a personal judgment against Miller. The only one who ever spoke to or engaged them to work was Longmate. He was Miller's agent only to the extent and for the purpose of providing for the lien rights of those employed by him, and not a general agent having the right or power of incurring a general personal obligation against Miller. *Steele v. Hellar,* 127 Wash. 140, 219 Pac. 879.

Affirmed.

TOLMAN, C. J., PARKER, MACKINTOSH, and HOLCOMB, JJ., concur.