[No. 23273.   Department One.   June 29, 1932.]

WALTER HERZ, *Respondent*, v. B. R. RANSOM, *Appellant*.[1]

[1]Reported in 12 P. (2d) 750.

*A. E. Jonson,* for appellant.

*Rummens & Griffin,* for respondent.

STEINERT, J.—The plaintiff brought this action against the defendant to recover a commission under an oral contract. The cause was tried before the court without a jury, and resulted in a judgment for plaintiff, from which the defendant appealed.

The appellant in his brief has moved that certain portions of the statement of facts be stricken. The respondent has countered with a motion that the entire statement of facts be stricken.

The case presents a somewhat unusual, though not entirely novel, situation. Trial was had before the late esteemed Judge Mitchell Gilliam on January 14, 1931. Findings of fact, conclusions of law and judgment were signed by him on January 31, 1931. A motion for a new trial was denied by him on February 4, 1931. Judge Gilliam died September 7, 1931, and was thereafter succeeded in office by Judge Kazis Kay.

Later, the matter was brought on before Judge Kay for settlement of the statement of facts. According to the certificate of Judge Kay, the parties could not agree by stipulation, or otherwise, as to the proper content of the statement. No reporter had been present at the trial, and Judge Gilliam's notes were not available. A hearing was had on the respective contentions made by counsel under oath, supplemented by an examination of the pleadings and records in the cause. After making certain deletions, Judge Kay adopted the statement of facts proposed by the appellant, together with the additions proposed by the respondent, as a complete statement of facts, and so certified it.

The procedure adopted by the court was the proper

514

one under Rem. Comp. Stat., § 392. Both motions to strike are denied. *Grays Harbor Boom Co. v. Lownsdale,* 54 Wash. 83, 102 Pac. 1041, 104 Pac. 267.

The case upon its merits presents only an issue of fact. To detail the facts involved would be of no value. We have examined the record, and do not find that the evidence preponderates against the findings of the court. The following language is peculiarly applicable to the situation presented by this case:

"It is the established rule in this state that findings of fact made by the trial court are to be considered as verities in support of the judgment rendered thereon, unless from the record it appears that they are contrary to the clear preponderance of the evidence." *Petro Paint Mfg. Co. v. Taylor,* 147 Wash. 158, 265 Pac. 155.

The judgment is amply supported by the findings. It is apparent, therefore, that, whether the statement of facts be stricken or retained, the ultimate result is the same.

The judgment is affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HERMAN, JJ., concur.