[No. 25115. Department One. August 13, 1934.]

GEORGE GRIMES et al., Respondents, v. FRANK E. FRASER et al., Appellants.[1]

B. E. McGregor, Grady & Velikanje, and Stanley P. Velikanje, for appellants.

O. R. Schumann, for respondents.

STEINERT, J.—Respondents commenced this action to recover damages, personal and property, resulting from an automobile collision. Appellants denied liabil-

[1]Reported in 35 P. (2d) 88.

ity and, in turn, cross-complained for damages to their car. Trial before the court without a jury resulted in findings, conclusions and judgment in favor of the respondents and against the appellants.

The assignments of error relate to the negligence of appellants and the contributory negligence of respondents.

The accident out of which this litigation arose occurred October 18, 1932, at about 6:15 o'clock p. m., on the Inland Empire highway No. 3, a paved arterial highway, at a point within the limits of the town of Grandview. As the highway approaches the town it runs approximately in a southeasterly direction, and after passing through a viaduct, gradually curves and finally runs due east in Grandview. A graveled county road enters the town from the west and terminates at the highway where it curves to the east. The paved portion of the highway is twenty-two feet in width, with a dirt shoulder on either side. The county road is eighteen feet in width, and after entering the town, becomes one of its streets. At a point about one hundred and fifty feet west of the intersection of the center line of the graveled road with the southwesterly edge of the paved portion of the highway, the graveled road spreads out fanwise to the north and meets the southwesterly line of the highway. Contiguous to the fan-shaped approach, and northwesterly therefrom, are the grounds used by a gas station, which further increase the open space on the southwesterly side of the highway. A stop sign is located on the southerly edge of the graveled road about one hundred and twenty feet west of the point where the southerly side of the graveled road meets and coincides with the southerly line of the paved portion of the highway; measured at right angles, this stop sign is nine feet from the southwesterly edge of the paved highway as it makes the curve.

For the sake of convenience, we shall hereinafter refer to respondents and appellants in the singular, meaning thereby the drivers of the respective cars.

There is a decided conflict in the evidence as to just how, and as to the exact point where, the collision occurred. The court found that, at the time in question, respondent was proceeding along the highway, on his right side, toward Grandview, at a rate of speed of from twenty to twenty-five miles per hour; that, while he was so traveling with his two right wheels off the paved portion of the highway, appellant, approaching from the east on the highway, and intending to continue west onto the graveled road, failed to yield the right of way to respondent, but instead made a left turn into the southerly, or left, side of the graveled road, and ran directly into and against the respondents' automobile.

According to respondent's evidence, when he first observed appellant, the latter was approaching from the east along the highway near its center line and bearing over towards respondent's side. With the view of enabling appellant to pass in safety and without a collision, respondent pulled over to his right, bringing the two right wheels of his car off the pavement onto the fan-shaped approach made by the graveled road. As the two cars arrived at a point just opposite the stop sign on the graveled road, appellant turned further to his left and ran directly into respondent's car.

According to appellant's evidence, he was traveling west on the highway intending to proceed onto the graveled road. Observing respondent's car at some considerable distance away, he gave a hand signal to cars behind him and started across the left side of the pavement. He then saw that respondent had entirely left the paved portion of the highway and was proceed-

ing across the fan-shaped approach of the graveled road, apparently intending to go out around him. Appellant immediately put on his brakes and came to a stop just off the west side of the pavement. Respondent continued on without diminishing his speed and ran into the right side of appellant's car, striking it with such force as to carry it backward toward and partially onto the pavement. Appellant contends that the point of collision is made clear by the fact that glass broken from the windshields and water leaking from the radiators were found on the graveled road, off the highway. Respondent's evidence was that the leaking water was found on the highway. So far as the broken glass was concerned, its location may be easily accounted for by the movement of the cars after the impact.

The court, after viewing the place where the accident occurred and considering the evidence as a whole, accepted respondent's version. There was substantial evidence to support the court's findings, and it is impossible for us to say, after reading the entire record, that the findings are contrary to the clear preponderance of the evidence. In such case, the findings of fact made by the court are to be taken as verities. *Petro Paint Mfg. Co. v. Taylor,* 147 Wash. 158, 265 Pac. 155; *Herz v. Ransom,* 168 Wash. 512, 12 P. (2d) 750.

The legal aspect of the case is, we think, controlled by the case of *Strong v. Ernst,* 169 Wash. 617, 14 P. (2d) 697, wherein the facts are quite similar to those involved here. The plaintiff and defendant, respectively, in that case occupied the same relative positions as the respondent and appellant did here. We there said:

"It seems equally plain to us, speaking generally, that not only did the plaintiffs' car have the right of

way on the west half of the pavement, *and also on the adjoining graveled portion of the intersection as a car traveling along the highway,* but also had the right of way over the defendant's car as being on the right of defendant's car upon its turning to the left across the course of the plaintiffs' car.'' (Italics ours.)

Appellant concedes that the two cases would be parallel if in this case respondent, after leaving the paved highway, had gotten back onto the pavement at the time of the collision. The distinction between the two cases, according to appellant's contention, is that in the *Strong* case the plaintiff, after deviating from the highway, had gotten back onto it when the defendant ran into him, while here the respondent was entirely off the paved road when the collision occurred. Three answers may be made to this contention: (1) The finding of the court as to the fact is contrary to appellant's contention; (2) the opinion in the *Strong* case makes it clear that the collision there did not occur on a paved road, as appellant here argues that it did, but on the adjoining graveled portion of the intersection; and (3) whether the collision occurred on or off the paved road is immaterial, under the rule laid down in the *Strong* case.

We find no error in the case before us. The judgment is, therefore, affirmed.

BEALS, C. J., MAIN, MITCHELL, and MILLARD, JJ., concur.