[No. 25943. Department One. April 21, 1936.]

R. Brown, *Appellant,* v. The Mychel Company
*et al., Respondents.*[1]

*J. Y. Kennedy* and *S. J. Brooks,* for appellant.

*Mulvihill & Anderson,* for respondents.

Geraghty, J.—The plaintiff, a contracting plumber, sought to subject an apartment hotel in Everett to a lien for the value of labor and material supplied in the reconstruction and maintenance of the building at the request of the owner. In the complaint, the Mychel Company, owner of the hotel, the First National Bank of Everett, and other persons were named as defendants. The defendants, other than the bank, made no appearance in the action. The bank, being in possession of the hotel under a certificate of sale issued upon the foreclosure of a mortgage held by it, contested the plaintiff's action. The trial court awarded the plaintiff judgment against the Mychel Company for the value of the material and labor furnished, in the sum

[1]Reported in 56 P. (2d) 1020.

of $7,822.41, but denied his claim of lien. The plaintiff appeals.

The following are the essential facts: The Mychel Company owned the Keyport—formerly the Mitchell—Hotel, with three other improved properties in Everett. (While these other properties were included in the claim of lien and the action, they were dismissed from further consideration in the course of the trial.) The Keyport building had been designed for use as a commercial hotel. The owner, contemplating adapting it for use as an apartment hotel, in 1929, prepared plans for extensive alterations which included the installation of new heating and plumbing equipment, and, in the summer of that year, the appellant was employed by the Mychel Company, through Frank Keyport, its manager, to do the work of installing this equipment, for which he was to receive the cost of labor and material, plus ten per cent. The terms of appellant's employment were not reduced to writing. At the time of his employment to do the larger and initial job, it was understood between the parties that the appellant would continue to do what was necessary from time to time in the repair and upkeep of the Keyport Hotel, as well as the other buildings of the Mychel Company.

Upon the completion of the remodeling program and the installation by appellant of the plumbing and heating, the upper part of the building was occupied as an apartment hotel and the ground floor for business purposes.

The admitted value of the labor and material furnished by the appellant in the reconstruction of the hotel was $36,145.34, upon which he was paid $26,000 in cash and $1,011.50 as a credit upon materials not used and returned, leaving a balance due him, at the end of the year 1930, of $9,133.84. During the year 1931, appellant made repairs and furnished labor of

the value of $363.31 and was paid on his account $1,353.41, the indebtedness of the Mychel Company being thereby reduced to $8,143.74. During the year 1932, material and labor to the value of $33.35 were furnished upon the building, and $100 paid on account, leaving, at the close of that year, an indebtedness of $8,077.09. In the year 1933, repairs of the value of $214.66 were made, against which was credited $10.22, increasing the owner's indebtedness to $8,281.55. In 1934, repairs of the value of $20.08 were furnished and $400 paid on account, leaving a balance, at the end of that year, of $7,901.63. In the year 1935, repairs of the value of $3.00 had been furnished up to March 27, when appellant filed his lien.

The respondent bank had furnished money to the Mychel Company during the progress of the initial major improvements, and, in February, 1931, a mortgage for fifty thousand dollars upon the building was made in its favor by the owner. Early in 1935, the Mychel Company having defaulted, the bank instituted a proceeding to foreclose its mortgage, and in June a certificate of sale was issued to the bank. It was after the institution of the foreclosure proceedings that the appellant filed his claim of lien and instituted this proceeding.

The trial court, in a memorandum opinion at the close of the case, said:

"I am of opinion that the fact alone that there was a single contract or agreement made for the major work, and for the work of repair and maintenance, is not of itself a controlling circumstance in the determination of whether or not there was some time during the year of 1930, and prior to January 1st, 1931, a unit of work, a completed job, accomplished. That is true as is also the fact that where we deal with a single unit of work, the mere circumstance of a suspension of that work, or of the furnishing of materials, even for a considerable

period will not start the running of the time for the filing of the claim of lien or the perfection of the inchoate right of lien. We must look rather to the fact that there was in this installation of new plumbing plant and new heating plant that which it was contemplated should be done immediately, or with reasonable dispatch, and which was thus done; and there was contemplated also the possibility of the need of repair or maintenance of this completed work in months to follow. I am of the opinion that it must be held here that this contract was such, and the dealings of these parties have been such, that the time for the filing of a claim of lien as for the installation of the heating plant and the plumbing plant in the Keyport Apartments began to run at the time that work was finished and ceased, and the furnishing of materials for that project ended. That was during the year 1930.''

Our conclusion from an examination of the record is that the court correctly interpreted the facts and applied the law. We might differ from the court in its conclusion that there was only a single contract or agreement. It is true that the agreement in relation to the initial job of installing the new plumbing and heating system was made at the same time as the agreement for subsequent repairs, but we think that logically there were two agreements, in the sense that two distinct employments were under consideration.

However, we agree with the court that it is of no importance whether the agreement be considered as single or several. It contemplated the doing, by the appellant, of different jobs. The installation of the new work was a definite job, identified by the plans prepared in advance. The subsequent repairs and upkeep, if any should be required, were to be casual and intermittent, dependent on future circumstances and contingencies having no relation to the first job.

If the appellant desired the protection of the lien law in relation to the large initial job, it was incumbent

upon him to file his claim within the period fixed by statute after the completion of the work. To permit the extension of the time for filing a lien, by the process of tacking on subsequent small, casual, and unrelated repairs, would create an intolerable condition not within the spirit or purpose of the lien law.

It is said in *Bradley v. Donovan-Pattison Realty Co.,* 84 Wash. 654, 147 Pac. 421:

"A temporary cessation of work, where the design of the performance is not abandoned and work subsequently resumed and prosecuted without any substantial change in the plan, will not prevent the relation back of the lien to the time of the original commencement."

It cannot be said upon the record here that the small items of material and labor furnished in the years subsequent to 1930 were in any way integral parts of the original job, or in any way related thereto. When the original agreement for repairs was made, it was not known what repairs would be required or when, if at all, they would be required. Each item of labor, as the necessity for it arose, would be in the nature of an independent unrelated job. Long periods of time intervened between the repair items, and we have seen that, in the fourteen months preceding the filing of the lien, all of them aggregated only $23.08.

Nor do we think the fact that the money account was permitted to run, extended the time for filing the lien. That was an incidental matter, and while the course of dealing of the parties would toll the running of the statute of limitations, it could not extend the time for filing the lien.

The judgment is affirmed.

MILLARD, C. J., TOLMAN, MITCHELL, and STEINERT, JJ., concur.