[No. 28694. Department Two. February 2, 1943]

DOMENICO DALOIA, *Appellant,* v. JAMES K. BOYD, *Respondent and Cross-appellant,* JAMES LOCHERY *et al., Defendants,* SECURITY MORTGAGE COMPANY, *Appellant.*[1]

[1]Reported in 133 P. (2d) 950.

W. B. *Magee* and *Arthur H. Hutchinson*, for appellants.

*Houghton, Cluck & Coughlin,* for respondent and cross-appellant.

BLAKE, J.—February 10, 1941, plaintiff and defendant, Boyd, entered into a written contract whereby the latter agreed to paint a house for plaintiff at an agreed price of $280. On July 8, 1941, defendant filed a claim of lien for $160 upon the premises for a balance due on the contract and for extra work not contemplated by the written contract. Plaintiff then brought this action to cancel the notice of lien, alleging that it was filed more than ninety days after completion of the work and "for the purpose of harassing" the plaintiff.

Defendant answered, denying bad faith in filing the claim, and setting up, by way of cross-complaint, a cause of action for foreclosure of the lien. He joined, as cross-defendants, a subsequent mortgagee and a subsequent purchaser.

The issue tried was whether defendant performed certain work on April 10, 1941, upon demand of plain-

tiff, or whether he performed it surreptitiously for the purpose of extending the time for filing a claim of lien. The court entered a decree foreclosing defendant's lien for $149, plus an allowance of $35 as attorney's fees. The plaintiff and the mortgagee appeal. The defendant cross-appealed.

Determination of the main issue is largely dependent upon oral testimony. Plaintiff introduced evidence tending to show that no painting was done by defendant subsequent to April 3, 1941; that, in any event, whatever painting may have been done by defendant on April 10th was inconsequential patch work and done solely for the purpose of extending the time for filing claim of lien. The defendant, however, testified that he performed work that day pursuant to a demand made by letter, dated April 7, 1941, from plaintiff's attorney. The letter reads as follows:

"Referring to our conversation over the telephone last week, when you asked that Mr. Daloia state to you, through my office, what he does want done to the premises. The following is a statement of his demands: He wants you to comply with the contract, of which I copy Mr. Daloia's own words:

" 'Putty and sandpaper wherever it is necessary. Fill siding and fireplace. Finish the rooms on the inside and see that the hinges on the cabinets are shiney. $5.00 for a woman's coat when he worked on Sunday, and he wasn't supposed to work and the paint was wet. He didn't put a sign "Wet Paint" on, so the lady got the coat full of paint.'

" 'Will you please attend to it at once.' "

In face of this demand, it could hardly be said that whatever work defendant performed on April 10th was done with the fraudulent purpose of extending his time for filing notice of lien. *Rose v. O'Reilly,* 138 Wash. 18, 244 Pac. 124; *Flint v. Bronson,* 197 Wash. 686, 86 P. (2d) 218. The case of *Petro Paint Mfg. Co.*

*v. Taylor,* 147 Wash. 158, 265 Pac. 155, cited by plaintiff, is not applicable to the facts in this case.

The question of whether the work demanded was actually performed depends wholly upon the credibility of the witnesses. The trial court, in this instance, as always, is in far better position to determine that question than we are. The judgment will be affirmed on the appeal of the plaintiff and mortgagee.

On his appeal, defendant asks this court to raise the allowance of attorney's fees to one hundred dollars, as prayed for in his cross-complaint. This request is without merit, since his counsel, when asked at the conclusion of the trial what he considered to be a reasonable fee, said "Oh, $50.00." Under the circumstances, we shall not take issue with the trial court's allowance of thirty-five dollars.

In his cost bill, defendant put in an item of $32 on account of two days' attendance and mileage for a witness who, according to the record, made the trip from Wenatchee to Seattle and return for the sole purpose of testifying in the case. The court allowed $4 for two days' attendance and twenty cents for mileage, but disallowed $27.80 of the $28 claimed for mileage. This item should have been allowed. *Hall v. Northwest Lbr. Co.,* 61 Wash. 351, 112 Pac. 369; *Pearson v. Gullans,* 81 Wash. 57, 142 Pac. 456. Except for this item of mileage for witness Berglund, the judgment is affirmed on defendant's appeal.

SIMPSON, C. J., BEALS, ROBINSON, and GRADY, JJ., concur.